# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

KATHERINE DRESCHER COLE, )
)
    Plaintiff/Appellee )Appeal No.
) **M1999-00933-COA-R3-CV**
vs. )
)
    Davidson County Circuit
RUSSELL TODD COLE, ) No. 98D-41
)
    Defendant/Appellant )

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT
FOR DAVIDSON COUNTY

THE HONORABLE MURIEL ROBINSON PRESIDING


ROBERT TODD JACKSON
STEVEN B. MCCLOUD
222 SECOND AVENUE NORTH
SUITE 419
NASHVILLE, TENNESSEE 37201

ATTORNEYS FOR DEFENDANT/APPELLANT


GREGORY D. SMITH
FARRIS, WARFIELD & KANADAY, PLC
424 CHURCH STREET
SUITE 1900
NASHVILLE, TENNESSEE 37219

ATTORNEY FOR PLAINTIFF/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

KOCH, J.
CAIN, J.

# OPINION

This case involves an appeal from the trial court's decision in a divorce which ended a six year marriage. Mr. Russell Todd Cole ("Husband") appeals the court's order of joint custody of the couple's two sons, ages five and two, with Ms. Katherine Drescher Cole ("Wife") as primary custodian. He also appeals the court assigning to him the mileage charges on the leased van and the credit card debt, the award of some property to Wife that he claims as his separate property, and the court's failure to assign him the 1998 tax deduction for one of the children. For the following reasons, we affirm.

## I.

An appellate court's review of the trial court's findings regarding child custody, allocation of debt and division of property are *de novo* on the record, accompanied by a presumption of correctness. *See Nichols v. Nichols*, 792 S.W. 2d 713, 716 (Tenn. 1990); *Mondelli v. Howard*, 780 S.W.2d 769, 772-73 (Tenn. Ct. App. 1989). Accordingly, unless the evidence preponderates against the trial court's findings, we must affirm. *See* Tenn. R. App. P. 13(d).

Husband first appeals the trial court's order of joint custody of the children to the parties, with Wife as the primary custodian. Testimony before the court indicated that each parent had various minor shortcomings, but that each parent loved the children and had provided care and nurturing for them. Husband had also cared for and played with Wife's oldest son from a previous marriage. The trial court found that while Husband had been involved with the children all along, he became much more involved after Wife announced her intent to divorce him.

The court awarded joint custody with Wife as the primary custodian. Husband has visitation with the children on alternate weekends, every Wednesday evening, alternating holidays, and from June 1 through August 15 every summer. Wife has similar weekend, weeknight and holiday visitation with the children while they are with their father in the summer.

The court must consider many factors[1] and make a custody determination based on the best interest of the children. *See* Tenn. Code Ann. § 36-6-106 (Supp. 1999).

In *Bah v. Bah*, 668 S.W.2d 663 (Tenn. Ct. App. 1983), this court established a comparative fitness approach for determining the best interest of a child. *See Bah* at 666. "No human being is deemed perfect, hence no human can be deemed a perfectly fit custodian. Necessarily, therefore, the courts must determine which of the two or more available custodians is more or less fit than others." *Id.* (quoting *Edwards v. Edwards*, 501 S.W.2d 283, 290-291 (Tenn. Ct. App. 1973)).

In deciding between these two parties, the court heard testimony from each of them and from family members. The evidence showed that each of the parties was a capable and loving parent, and that each was less than perfect. The trial court simply had to choose between two fit parents, and the evidence does not preponderate against the trial court's order. We affirm the order of joint custody with Wife as the primary custodian.

## III.

Husband next appeals the court's assignment of debts to him. The debts in question are $15,885 for two credit cards, an American Express Optima and a Visa, and $2,000 for mileage on the leased van which the court awarded to Husband. Husband argues that the debts were joint debts incurred by, or for the benefit of, both parties and that Wife has the ability to pay some of the debt. At the time of the divorce, Husband earned approximately $44,000 per year while Wife earned approximately $27,000.

Testimony indicated that Husband, a Certified Public Accountant, kept tight control over the parties' finances. He retained physical possession of the credit cards and the credit card statements, even though Wife's name was on one account, virtually preventing Wife from using the credit cards or from having any knowledge concerning how he was using the cards. Husband testified that he had a $2,000 credit card debt before the marriage, but the rest was incurred during the marriage. He also testified that he had taken several gambling trips with his friends. He was quite vague about the purposes for the credit card charges. The court asked Husband to produce records to demonstrate that Wife had made some charges or to

demonstrate the purpose of the charges, but he did not. The court assigned all of the debt on the credit cards to Husband stating, "It's totally absurd to think that one party has to be penalized if they don't have any control over the account."

In light of Husband's use and custody of the credit cards, it was appropriate for the trial court to seek the credit card statements to establish that the credit cards were being used for marital purposes rather than for Husband's sole enjoyment. Husband's failure to produce better evidence concerning the use of the credit cards gives rise to the presumption that the credit card statements would have been detrimental to his position. *See Cummins v. Brodie*, 667 S.W.2d 759, 766 (Tenn. Ct. App. 1983).

Marital debt, like marital property, "should be divided equitably in accordance with the factors in Tenn. Code. Ann. § 36-4-121(c) and in light of (1) which party incurred the debt, (2) the purpose of the debt, (3) which party benefitted from incurring the debt, and (4) which party is better able to repay the debt." *Kinard v. Kinard*, 986 S.W.2d 220, 232 (Tenn. Ct. App. 1998).

The trial court found that Husband was the one who incurred the debt, and that Wife had no control over the credit cards. Because of Husband's greater salary, his tight control over the credit cards, and Wife's lack of access to the credit cards and the credit card statements, we cannot say the evidence preponderates against the court's assignment of this debt to Husband.

Husband was awarded the van subject to the lease. Marital debts frequently follow their related assets. *See Mondelli*, 780 S.W.2d at 773. The $2,000 debt for the mileage properly followed the van.

In the final analysis, based on the facts of this case, the manner in which the trial court divided the marital estate and allocated the marital debt, including the credit card debt and mileage costs accrued during the marriage, was equitable, and we affirm the trial court's disposition.

IV.

Husband next appeals the award of the stereo system, half of the tools and the kitchen table and chairs to Wife. He claims those items are his separate property and are therefore not subject to division as marital property. He asserts that the furniture was a gift from his parents, that he had purchased and paid for the stereo system before the marriage, and that only a few tools belonged to Wife before the marriage.

Wife testified that the furniture was a gift to both of them from Husband's parents. She also testified that the stereo was purchased with a credit card and that the debt was paid during the marriage through a consolidation loan. The court heard no testimony regarding the tools, other than Wife's testimony that she owned a few before the marriage.

The trial court is in a better position to weigh and evaluate the credibility of the witnesses, therefore we give great weight to the trial court's findings on issues involving the credibility of those witnesses. *See Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996). The trial court's findings are accompanied by a presumption of correctness and we will not overturn that finding unless "the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d).

The evidence does not preponderate against the trial court's finding that the

items listed above were marital property.  We affirm the division of property.

V.

Husband argues, for the first time on appeal, that the trial court erred in not allowing him to claim at least one of the children on his 1998 income tax return. Husband never asked the trial court to make any ruling regarding tax deductions, and the trial court's order is silent on the subject.

It has long been the rule that issues not raised in the trial court will not be entertained on appeal.  *See Simpson v. Frontier Commercial Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991);  *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983).  Because the court and the parties did not address any issue of tax deductions below, we decline to address it here.

VI.

For the reasons stated above, we affirm the order of the trial court.  This case is remanded to the trial court for such proceedings as may be necessary.  Costs are taxed to appellant.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____

WILLIAM B. CAIN, JUDGE